# United States District Court

## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

V.

**Joseph Christopher Anderson**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:05-mj-34

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C.§3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☒ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has been changed with 5 robberies (4 of a U-Haul business and 1 of a bank), several of which were armed, and is suspected of a sixth. The charged robberies took place within a two-month period. In one of the robberies, defendant allegedly pointed the weapon at the head of an employee and stated "Give me all your f . . . . . . money." The weapon was so pointed at the employee that he was able to see that it contained hollow point bullets. Defendant then pointed the weapon at another employee and stated "Open the drawer or I will shoot you." In another robbery, the defendant pointed the weapon at the head of another employee. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community, in light of the evidence that defendant has committed 5 and possibly 6 robberies in a short span of time, at least several of which were armed robberies. Defendant's attorney and his father have done an admirable job of attempting to turn his life around during the past couple of weeks by changing his place of residence, extracting promises from him, and involving him in counseling. (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 20, 2005

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Joseph Christopher Anderson
1:05-mj-34
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

## Alternate Findings (B) - (continued)

Prior to 2005, defendant had only two previous court cases, both pertaining to minor motor vehicle violations. In each instance the defendant failed to appear and a bench warrant had to be issued. On March 30, 2005, the defendant was charged with several drug-related offenses in state court and released on a $7,500 cash/surety bond for approximately 9 days without incident until he was arrested on the present federal charges. Defendant has a substance abuse history. He states he has used marijuana on a weekly basis as part of his spiritual worships for the past 11 years, since he was 11 years old. He used marijuana on a daily basis while in high school. He has also experimented with cocaine and ecstasy as recently as last month. He consumes alcohol several times each week. At the time of his arrest, defendant was found in possession of use amounts of both marijuana and cocaine.

## Part II - Written Statement of Reasons for Detention - (continued)

Notwithstanding these efforts, however, the court finds the government has met its burden of showing that there are no conditions which will assure that defendant will abide by the regimen provided for him by his attorney and family to address his difficulties and will commit no further robberies.