# United States District Court
## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| V. | Case Number: 1:05-cr-112-01 |
| JOSEPH CHRISTOPHER ANDERSEN | USM Number: 12264-040 |
| | Frank Stanley |
| | Defendant's Attorney |

**Date of Original Judgment:** January 19, 2006
(Or Date of Last Amended Judgment)

**Reason for Amendment:** Modification of Restitution Order (18 U.S.C. §3664)

THE DEFENDANT pleaded guilty to Counts One, Two, Three, Four, Five and Six.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense: | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951 | Interference With Commerce by Threat of Violence | March 22, 2005 | One |
| 18 U.S.C. § 1951 | Interference With Commerce by Threat of Violence | March 22, 2005 | Two |
| 18 U.S.C. § 1951 | Interference With Commerce by Threat of Violence | March 22, 2005 | Three |
| 18 U.S.C. § 1951 | Interference With Commerce by Threat of Violence | March 22, 2005 | Four |
| 18 U.S.C. § 2113(a) | Robbery of a Credit Union | March 22, 2005 | Five |
| 18 U.S.C. § 924(c)(1)(A)(ii) | Use of a Firearm to Commit a Crime of Violence | March 22, 2005 | Six |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment: March 10, 2006

Dated in Kalamazoo, MI:
March 10, 2006

/s/Richard Alan Enslen
Richard Alan Enslen
Senior United States District Judge

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED TWENTY (120) MONTHS**. This consists of a term of thirty-six (36) months on each of Counts One, Two, Three, Four, and Five, to be served concurrently, and a term of eight-four (84) months for Count Six to be served consecutively to the other counts.

The Court strongly recommends to the Bureau of Prisons that it designate a facility capable of providing the 500-hour Residential Drug Treatment Program.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy United States Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** on each of Counts One, Two, Three, Four, and Five, and **FIVE (5) YEARS** on Count Six, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

■    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

■    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  the defendant shall support his or her dependents and meet other family responsibilities;
5.  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.  the defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a concurrent enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: JOSEPH CHRISTOPHER ANDERSEN
Case Number: 1:05-cr-112-01

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.

4. The defendant shall refrain from all use of alcoholic beverages.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $600.00 | $0.00 | $19,350.00 |

■ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States.

| Name of Payee | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U-Haul<br>2345 Alpine, N.W.<br>Grand Rapids, MI 49504 | $3,124.00 | $3,124.00 | |
| Meijer Credit Union<br>2410 Gaynor N.W.<br>Grand Rapids, MI 49504 | $5,340.00 | $5,340.00 | |
| Chubb Insurance Company<br>Attn: Rebecca Tate<br>P.O. Box 4700<br>Chesapeake, VA 23327-4700 | $6,413.00 | $6,413.00 | |
| Comerica Bank FPIS<br>Attn: Joann Guarino M/C 7399<br>P.O. Box 75000<br>Detroit, MI 48275 | $4,473.00 | $4,473.00 | |
| TOTALS | $19,350.00 | $19,350.00 | |

*The court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.*

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ■ *The special assessment shall be paid in full immediately.*

B ■ *The restitution and/or fine shall be paid in minimum quarterly installments of $25.00 based on IFRP participation, or minimum monthly installments of $20.00 based on UNICOR earnings, during the period of incarceration, to commence 60 days after the date of this judgment.*

C ■ *Any balance due upon commencement of supervision shall be paid, during the term of supervision, in minimum monthly installments of $25.00, to commence 60 days after release from imprisonment.*

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.